IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RUSSELL WILLIAM BRADLEY,
    Plaintiffs,

vs.                                                        Case No.: 3:11cv279/MCR/EMT

FRED G. LEVIN,
    Defendant.
_____/

## ORDER and REPORT AND RECOMMENDATION

This cause is before the court on Plaintiff's civil rights complaint, filed pursuant to 42 U.S.C. § 1983 (doc. 1), and motion for leave to proceed in forma pauperis (doc. 2). Good cause having been shown, leave to proceed in forma pauperis will be granted. Upon review of Plaintiff's complaint, however, the court concludes Plaintiff has not presented and cannot present an actionable federal claim. Dismissal of this case is therefore warranted.

Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The court must read Plaintiff's pro se allegations in a liberal fashion. *See* Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *See* Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). In determining whether the complaint states a claim upon which relief may be granted, the court accepts all factual allegations in the complaint as true and evaluates all inferences derived from those facts in the light most favorable to Plaintiff. *See* Hunnings v. Texaco, Inc., 29 F.3d 1480, 1483 (11th Cir. 1994). However, such acceptance should not be given blindly; only well-pleaded factual allegations are taken as true and only

reasonable inferences are drawn in favor of the plaintiff.  *See* Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992); Marrero v. City of Hialeah, 625 F.2d 499, 502 (5th Cir. 1980);[1] *see also* Long v. Satz, 181 F.3d 1275, 1278 (11th Cir. 1999) (per curiam) ("reasonable inferences" drawn); Associated Builders, Inc. v. Ala. Power Co., 505 F.2d 97, 100 (5th Cir. 1974) ("unwarranted deductions of fact are not admitted as true").  A plaintiff must allege more than mere "labels and conclusions"; the complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964–65, 167 L. Ed. 2d 929 (2007) (citations and internal quotations omitted).  Indeed, "any conclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts do not prevent dismissal."  Weissman v. Nat'l Ass'n of Sec. Dealers, 500 F.3d 1293, 1305 (11th Cir. 2007) (en banc) (Tjoflat, J., dissenting) (citing Associated Builders, Inc., 505 F.2d at 99). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face.  *See* Bell Atl. Corp., *supra* (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim).  A complaint is also subject to dismissal under Rule 12(b)(6) when its allegations—on their face—show that an affirmative defense bars recovery on the claim.  *See* Marsh v. Butler Cnty., Ala., 268 F.3d 1014, 1022 (11th Cir. 2001).

Plaintiff's complaint names one Defendant, Fred G. Levin (doc. 1 at 1–2).  Plaintiff states Mr. Levin inspired and encouraged him to attend college in 1991 (*id.* at 3).  Seven years later, Plaintiff referred a friend to Mr. Levin's law firm for advice concerning a trust fund of which Plaintiff's friend was the beneficiary (*id.*).  Plaintiff states Mr. Levin "abused" him and his friend into a "bad bargain" concerning the friend's trust fund, resulting in physical pain, "in forma pauperis ad infinitim [sic]," trauma, horror, starvation, poverty, emotional distress, "false light," and financial oppression (*id.* at 3–4).  Plaintiff accuses Defendant of breach of fiduciary duty, "bad faith misuse of special skills," abuse of trust, "intentional malpractice," and violation of his civil rights (*id.* at 4).

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as precedent all of the decisions of the former Fifth Circuit decided prior to October 1, 1981.

As relief, Plaintiff seeks damages in the amount of $512,000,000.00 (*id.*).

In order to prevail in a civil rights action under § 1983, a plaintiff must establish that a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or federal law. *See* Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001). "A person acts under color of state law when he acts with authority possessed by virtue of his employment with the state." *Id.* at 1303. "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50, 119 S. Ct. 977, 985, 143 L. Ed. 2d 130 (1999) (internal quotations omitted). Only in rare circumstances may a private party be viewed as a state actor for § 1983 purposes:

> [T]o hold that private parties . . . are State actors, th[e] court must conclude that one of the following three conditions is met: (1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution (State compulsion test); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State (public function test); or (3) the State had so far insinuated itself into a position of interdependence with the private parties that it was a joint participant in the enterprise (nexus/joint action test).

Rayburn ex rel. Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001) (internal quotations omitted).

In the instant case, even liberally construing Plaintiff's allegations, they do not remotely suggest the kind of action that would subject this private party defendant to § 1983 liability as a "state actor." Plaintiff's federal claims must therefore be dismissed.[2]

To the extent Plaintiff's pro se complaint may be liberally construed as raising tort, breach of contract, or other claims under state law, the court lacks jurisdiction to consider them as Plaintiff cannot satisfy the requirements for diversity jurisdiction (he states that both he and Mr. Levin are

---

[2] "Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." Corsello v. Lincare, Inc., 428 F.3d 1008, 1014 (11th Cir. 2005). "A district court need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001). In this case, amendment would be futile; therefore, dismissal is appropriate.

citizens of Florida).  *See* 28 U.S.C. § 1332.  Although a district court may, in its discretion, exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3), the undersigned recommends that the court decline to exercise such jurisdiction in this instance.  *See* United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726, 86 S. Ct. 1130, 1139, 16 L. Ed. 2d 218 (1966); Raney v. Allstate Ins. Co., 370 F.3d 1086, 1089 (11th Cir. 2004) ("We have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial.").

Accordingly, it is **ORDERED**:

Plaintiffs' Motion to Proceed in Forma Pauperis (doc. 2) is **GRANTED**.

And it is respectfully **RECOMMENDED**:

1. That this action be **DISMISSED** as follows:

    a. Plaintiff's federal claims be **DISMISSED with prejudice** under 28 U.S.C. § 1915(e)(2)(B)(ii).

    b. Plaintiff's state law claims be **DISMISSED without prejudice** to Plaintiff's pursuing them in the appropriate state court.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 7th day of July 2011.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *Se*e 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**